**Gerald Ray BAIRD, Petitioner— Appellant,**

v.

**Sharon BLACKETTER, Respondent— Appellee.**

No. 06–35922.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed July 17, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided

Anthony David Bornstein, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

MEMORANDUM *

Baird challenges the Oregon Board of Parole's ("the Board's") failure to provide a hearing before declining to restore his good-time credits, which were revoked pursuant to Oregon Revised Statute § 421.120(5) when he violated his parole.

by 9th Cir. R. 36–3.

Oregon Revised Statute § 421.120(5) provides for the forfeiture of good-time credits when parole is violated "except when [restoration is] authorized by the State Board of Parole and Post–Prison Supervision upon recommendation of the superintendent thereof." The Board thus has discretion to restore forfeited good-time credits, but only upon a positive recommendation from the superintendent of the Department of Corrections. In this case, the superintendent recommended against restoring the credits. The Board therefore had no cause to take any further action in the matter, including affording Baird a hearing.

Even if the superintendent had recommended restoration of Baird's credits, the Board would not have been required to conduct a hearing when reviewing the matter. Oregon Administrative Rule 255–080–0012(3)(c) provides for review by "administrative hearing, in cases where review would cause an adverse result for the prisoner." Here, Baird's credits had already been revoked by statute, and he was asking the Board to restore them. As a result, a reconsideration by the Board could not have had an adverse impact on him; a negative review would have retained the status quo, while a positive review would have improved Baird's position.

In view of the above, neither the applicable Oregon statute nor the applicable administrative regulation, separately or together, affords Baird a liberty interest. *See Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Although *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), does not apply to parole proceedings, *McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir.2002), if it did, it would not advance Baird's cause, as its requirements are more, not less, difficult for a prisoner to meet. *See Sandin*, 515 U.S. at 484, 115 S.Ct. 2293 (limiting prisoners' state-created liberty interests to "freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

**AFFIRMED.**